**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**JOHN WELLS ET AL**                         **CASE NO.  2:26-CV-00382**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**ESSENTIA INSURANCE CO**                    **MAGISTRATE JUDGE LEBLANC**

## <u>MEMORANDUM RULING</u>

Before the Court are two motions: "Plaintiffs' Motion for Summary Judgment Re: Essentia Insurance Company's Policy Provides Uninsured/Underinsured Coverage for Plaintiffs" (Doc. 9) and "Essentia's Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment" (Doc. 13). After reviewing the parties' memoranda, the Court ordered that the motions be held in abeyance for the parties to conduct discovery and set deadlines for supplemental summary judgment evidence and briefing. The Motions are now ripe for review.

## <u>BACKGROUND</u>

For a complete recitation of the facts, see the Order issued on April 6, 2026.[1] In their supplemental briefing, the parties include additional facts as follows. The Court ordered discovery in order to address the ownership and coverage issues raised by the parties. Upon discovery, it was established that the Plaintiffs do not personally own a "regular use vehicle" and that their vehicles that they use for day-to-day life are owned by Mead's

---

[1] Doc. 21.

Automotive, LLC.[2] Further, discovery confirmed that the only insurance policy that covered those two vehicles was a personal lines automobile policy issued by State Farm to the Plaintiffs, John and Janet Wells. [3]

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[2] Doc. 23.
[3] *Id.*; Doc. 9-6.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Further, on cross-motions for summary judgment, the Court reviews each party's motions independently and views the evidence in the light most favorable to the non-moving party. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

## **LAW AND ANALYSIS**

The issue in this case is whether or not the Plaintiffs own a regular use vehicle that would trigger the UM coverage as required under the Essentia Policy. The Essentia policy is a classic car policy for the Plaintiff's 1955 Chevrolet Bel Air. The provision of the policy at issue is the regular use vehicle requirement which provides:

> This policy provides coverage for your "antique vehicle" and/or "classic vehicle" shown in the Declarations. You must own a "regular use vehicle" which must be insured by a separate insurance policy which must be in effect for the entire time this policy is in effect. In no event will this policy serve as your only auto coverage.[4]

The Plaintiff argues that the term "own" is not significant in determining whether coverage is triggered under the policy because they have daily access to two vehicles for

---

[4] Part F-General Provision, p. 9, Doc. 9-2,

regular use and contend that it should not matter that those vehicles are not titled in their own names. However, this argument improperly attempts to create an ambiguity where none exists. The policy language is clear and unambiguous in stating that the policy holders themselves must own a regular use vehicle. Therefore, the Court rejects this argument because the Plaintiffs' interpretation is contrary to the plain language of the policy.

Here, Plaintiff, John Wells, represented to State Farm that he owned the 2025 GMC Pickup involved in the wreck and collected UM coverage benefits, despite the vehicle being owned by Mead Automotive, LLC.  The Court finds its curious that Plaintiffs now contends that the very same vehicle was **not** Plaintiffs' owned vehicle to invoke the "non-owned vehicle" exception of Louisiana's anti-stacking statute, and stack UM coverage under the Essentia Policy that was issued for the 1955 Chevrolet.

Further, the Defendant argues that because the Plaintiff's regular use vehicles are owned by Mead's Automotive, LLC, rather than by them personally, they cannot satisfy the policy's threshold requirement of owning a regular use vehicle to trigger coverage under the policy. Louisiana law expressly provides that "a member shall have no interest in limited liability company property." La. R.S. 12:1329. Although an individual may own a membership interest in a limited liability company, that ownership interest does not extend to the assets or property owned by the LLC itself. Rather, the LLC is a separate legal entity. Therefore, because Meads Automotive, LLC owns the regular use vehicles, Plaintiffs have no ownership interest in the vehicles and cannot meet the requirements to trigger coverage set out in the regular use vehicle provision of the Essentia policy.

Page **4** of **5**

## CONCLUSION

For the reasons explained herein the Court will deny Plaintiffs' Motion for Summary Judgment Re: Essentia Insurance Company's Policy Provides Uninsured/Underinsured Coverage for Plaintiffs (Doc. 9) and grant Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (Doc. 13).

**THUS DONE AND SIGNED** in chambers on this 17th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**